

**J.R. Stevenson,** Principal    o: (212) 939-7588    c: (917) 597-7064    f: (212) 531-6129
a: 445 Hamilton Avenue, Suite 1500, White Plains, NY 10601
e: jrs@stevensonmarino.com

May 28, 2024

<u>Via ECF Only</u>
The Honorable Rachel P. Kovner
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Medina v. T & T Scrap, LLC et al.,*
    <u>Docket No: 24-cv-01936 (RPK)(TAM)</u> (the "Action")

Dear Judge Kovner:

  We represent Defendants T & T Scrap, LLC (the "Company") and Timothy Fulton (collectively, the ("Defendants") in the Action. We write pursuant to Rule IV.A(1)(a) of this Court's Individual Rules and to respectfully request a pre-motion conference, and to summarize the grounds for Defendants' anticipated motion to dismiss the Complaint (ECF No.1).

 I. ***Background***

  Plaintiff's Complaint asserts the following five causes of action: (1) FLSA Overtime Violations claim; (2) New York State Minimum Wage Violations; (3) New York State Overtime Violations; (4) New York Spread of Hours Provisions; and (5) New York Wage Statements. Complaint. According to Plaintiff's Complaint, Plaintiff worked for the Defendants for over 15 years and from 2017 through 2023 as a manager. Complaint ¶ 10. According to Plaintiff's Complaint, through the period Plaintiff was employed, he was paid "approximately $1,000" per week. Complaint ¶ 10. According to Plaintiff's Complaint, Plaintiff was demoted and worked in a non-managerial position for the "last two or three months of his employment" and was terminated in late summer/early fall of 2023. Complaint ¶ 10. Plaintiff's Complaint further alleges that "[a]s a night manager, Plaintiff worked from "6 or 7 pm to 7 am Monday through Friday, and 10 pm to 10 am Sunday." Complaint ¶ 12. The Complaint claims that "[a]fter Plaintiff was demoted in 2023, he worked from 10 am to 9 pm Monday through Friday and an additional 12 hours on Sunday." Complaint ¶ 14. Notably absent from Plaintiff's Complaint is any specific allegation of working over forty hours in any given workweek.

## II. *Plaintiff's Complaint is Subject to Mandatory Arbitration*

The Company's handbook contains a mandatory arbitration dispute resolution policy. It is believed that the Plaintiff signed a receipt and acknowledgement form documenting that he received the handbook and that the handbook contained an arbitration dispute resolution agreement. Accordingly, Plaintiff's Complaint was brought in an improper venue and should be dismissed.

## III. *Alternatively, Plaintiff Fails to Adequately Plead a FLSA Claim*

In order to survive a motion to dismiss, a "complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered to have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this Court must accept as true all factual allegations and draw reasonable inferences; this Court is not required to "credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

In the FLSA context, in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a specific given workweek. *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Here, reviewing Plaintiff's allegations there can be no plausible claim that the FLSA was violated, because during the "last two or three months of his employment, [while Plaintiff] was demoted and worked in a non-managerial position", the only time period Plaintiff was not exempt from the FLSA[1], the Complaint does not allege a given workweek in which Plaintiff worked at least 40 hours and also worked uncompensated time in excess of 40 hours.

Accordingly, Plaintiff's FLSA cause of action should be dismissed.

## IV. *The Court Should Dismiss Plaintiff's Remaining State Claims*

Because the Court should dismiss Plaintiff's federal FLSA claim, it should decline to exercise jurisdiction of Plaintiff's state law claims.

For the reasons discussed above, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety.

We thank the Court for its consideration of the foregoing.

---

[1] Prior to two or three months he was demoted, Plaintiff's Complaint not only fails to allege a given workweek in which Plaintiff worked at least 40 hours and also worked uncompensated time in excess of 40 hours, but it also affirmatively pleads that Plaintiff worked in a managerial position and thus would be exempt under the FLSA.

JRS to The Honorable Rachel P. Kovner
May 28, 2024
Page 3 of 3

                                                Respectfully submitted,

                                                STEVENSON MARINO LLP

                                                   __s/J.R. Stevenson__
                                                     By: J.R. Stevenson


To: Plaintiff's Counsel *via* ECF