JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

June 11, 2024

**VIA ECF**

Hon. Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Medina v. T&T Scrap, LLC
                  No. 24 CV 1936

Dear Judge Kovner:

      We represent the Plaintiff in the above-referenced action. I write in response to Defendants' May 28, 2024 pre-motion letter concerning their anticipated motion to dismiss. For the reasons set forth below, Defendants slap-dash premotion letter makes no showing that a valid arbitration agreement between the parties exists, and Plaintiff's complaint adequately pleads an FLSA overtime claim. Accordingly, Defendants' anticipated motion to dismiss should be denied. In light of the paucity of substance in Defendants' premotion letter, Plaintiff further requests that if the Court does allow Defendants to make their motion, the Court should not stay discovery pending the disposition of Defendants' motion.

    **I.**    **Defendants have not shown that this action is subject to mandatory arbitration**

      "In determining whether a particular dispute is arbitrable [under the Federal Arbitration Act ("FAA")], a court must engage in a two-part inquiry: it must decide (1) whether the parties agreed to arbitrate, and if so, (2) whether the scope of that agreement encompasses the asserted claims." *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 294 (2d Cir. 1999). No presumption of arbitrability applies to the question of whether the parties have agreed to arbitrate. *Applied Energetics, Inc. v. NewOak Capital Markets, LLC*, 645 F.3d 522, 526 (2d Cir. 2011). Whether an arbitration agreement exists is a question of state law. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73-74 (2d Cir. 2017).

      A motion to compel arbitration under the FAA is subject to the same standard as a summary judgment motion. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Where there are

1

factual disputes regarding the existence of an arbitration agreement, that issue must go to trial. *Nicosia v. Amazon.com*, 834 F.3d 220, 229 (2d Cir. 2016); *DuBois v. Macy's East Inc.*, 338 Fed. Appx. 32, 33 (2d Cir. 2009).

Here, Defendants have not submitted any evidence that Plaintiff's claims are subject to mandatory arbitration. They merely state that "[i]t is believed that" Plaintiff signed an acknowledgement of an employee handbook that contained an arbitration policy. They have not submitted either a signed acknowledgement or the employee handbook in question. Presumably if they had such a signed acknowledgement they would have affirmatively stated that rather than invoking a mere "belief." Absent any evidence of an actual agreement to arbitrate, Defendants' motion to compel arbitration will fail.

## II.     Plaintiff's complaint adequately pleads an FLSA claim

Plaintiff's complaint adequately pleads an FLSA overtime claim, and in arguing to the contrary, Defendants blatantly ignore the law in this Circuit. Plaintiff's complaint alleges that until 2023, he worked 12 to 13 hours a day Monday to Friday and 12 hours on Sunday, for a total of 72 to 77 hours per week. (Comp. ¶ 12.) The complaint further alleges that starting in 2023, Plaintiff worked 11 hours a day Monday to Friday and 12 hours on Sunday, for a total of 67 hours per week. (Compl. ¶ 13.) Contrary to Defendants' assertion, when a complaint alleges that a plaintiff's regular work schedule was more than 40 hours per week – as Plaintiff's complaint alleges here – it is not necessary for a plaintiff to further identify by date specific weeks in which he worked more than 40 hours. As the Second Circuit has held:

> The [FLSA] pleading standard is satisfied . . . if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during <u>every</u> week in which they worked their regular schedule. In that case, a plaintiff, as the Plaintiffs have done here, need only allege the period of time during which they were employed.

*Herrera v. Comme Des Garcons, Ltd.*, 84 F.4th 110, 117 (2d Cir. 2023). Plaintiff's complaint easily satisfies this standard.

In addition, to the extent Defendants assert in their letter that Plaintiff was an exempt employee when his job title was "night manager," that argument must fail. The FLSA exemptions are affirmative defense on which employers have the burden of proof, and "at the motion-to-dismiss stage, and FLSA claim may be dismissed on the basis of an exemption only if the exemption appears on the face of the complaint." *Syed v. S&P Pharm. Corp.*, No. 21 CV 6000, 2023 U.S. Dist. LEXIS 49653, at *9 (E.D.N.Y. Mar. 23, 2023).

Defendants do not even bother to identify which exemption they claim applies to Plaintiff. Nonetheless, both the administrative and executive exemptions have duties components. *Stih v. Rockaway Farmers Mkt., Inc.*, No. 22 CV 3228, 2023 U.S. Dist. LEXIS 58299, at *7-9 (E.D.N.Y. Apr. 3, 2023). A title of "manager" is insufficient to establish either exemption. *See Yeh v. Han Dynasty Upper West Side Corp.*, No. 18 Civ. 6018, 2020 U.S. Dist. LEXIS 31175, at *11-12 (S.D.N.Y. Feb. 24, 2020). The complaint does not contain any description of Plaintiff's duties.

2

(Compl. ¶ 11-18.)  As such, there are no allegations in the complaint to support a finding that the duties requirements of either exemption are satisfied, and Plaintiff's exemption status cannot be decided on a motion to dismiss.  *Stih*, 2023 U.S. Dist. LEXIS 58299, at *12-13.

For the foregoing reasons, Defendants' anticipated motion should be denied in full.

Respectfully submitted,

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum